U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
MAR 2 0 2013
AT_____O'CLOCK_____
Lawrence K. Baerman, Clerk - Utica

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------

LEONARD C. SPANO,

        Plaintiff,

  -v-                                    6:91-CV-576

EDWARD H. MCAVOY, individually and as
Deputy Sheriff of Onondaga County; JOHN
JOY, individually and as Sergeant of              6:91-CV-577
Onondaga County Sheriff's Department;
JOHN DILLON, individually and as Sheriff
of Onondaga County Sheriff's Department;
and COUNTY OF ONONDAGA,

        Defendants.

--------------------------------

APPEARANCES:                                OF COUNSEL:

CARROLL & CARROLL LAWYERS, PC       WOODRUFF LEE CARROLL, ESQ.
Attorneys for Plaintiff
441 South Salina Street
Syracuse, NY 13202

ONONDAGA COUNTY DEPARTMENT OF LAW   KATHLEEN M. DOUGHERTY, ESQ.
Attorneys for Defendants
John H. Mulroy Civic Center
421 Montgomery Street
10th Floor
Syracuse, NY 13202

DAVID N. HURD
United States District Judge

# DECISION and ORDER

## I. INTRODUCTION

On November 11, 2012, plaintiff Leonard C. Spano ("plaintiff" or "Spano") filed a motion to reopen this civil action, which was dismissed over twenty years ago.[1] Defendants have responded in opposition and cross-moved for sanctions. Plaintiff replied and opposes defendants' cross-motion. Oral argument was heard on March 8, 2013, in Utica, New York. Decision was reserved. Thereafter, plaintiff filed a supplemental response, which has been considered.

This action arose from the death of plaintiff's son in an automobile accident on April 16, 1978. Over the following decades plaintiff filed and pursued numerous lawsuits in state and federal court, alleging that defendants caused his son's death. The action that Spano now seeks to reopen was dismissed with prejudice in an April 1992 Memorandum–Decision and Order ("1992 MDO"). Judgment was entered against plaintiff and in favor of defendants on April 6, 1992. It was noted in the 1992 MDO that plaintiff's claims were frivolous, time-barred, and had been repeatedly—and unsuccessfully—asserted in numerous state and federal courts. Moreover, plaintiff was prohibited from filing any further lawsuits in federal court involving the same defendants and the same issues without prior written permission.

## II. DISCUSSION

Spano seeks to reopen this case based on newly discovered evidence and alleged

---

[1] Plaintiff has filed multiple civil actions in the Northern District of New York. At least two of these cases—Nos. 6:91-CV-576 and 6:91-CV-577—involved similar defendants and were both dismissed by the undersigned in 1992. Spano's November 9, 2012, letter motion, filed in case No. 6:91-CV-576, does not specify which particular civil action he seeks to reopen. Based on the factual matters discussed in his submissions, it appears that he only seeks to reopen the civil action related to the death of his son in 1978, No. 6:91-CV-577. Therefore, the Clerk of the Court is directed to file this Decision and Order in both cases.

-2-

fraud by defendants. A motion to reopen a civil action based on new evidence or fraud is governed by Federal Rule of Civil Procedure 60(b)(2) and 60(b)(3) respectively. Motions pursuant to these provisions of Rule 60(b) must be brought "no more than a year after the entry of the judgment or order." FED. R. CIV. P. 60(c)(1). Plaintiff's motion, filed over twenty years after the entry of judgment, is obviously untimely. Even if timely, however, the motion would be denied on the merits.

Spano asserts that while cleaning out his files in 2011 he found a document indicating that the police dispatcher who originally claimed to have been working the night of the fatal accident did not in fact work that night. He further claims that in March 2012 a witness came forward who can testify about a police road block he observed in the area of the accident scene. This evidence is not "of such importance that it probably would have changed the outcome." United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 392 (2d Cir. 2001) (internal quotation marks omitted). Indeed, plaintiff's claims were dismissed as untimely and frivolous.

Spano also alleges that defendants engaged in widespread fraud throughout the course of the federal and state litigation over the past thirty-plus years. These allegations are specious, conclusory, and have been repeatedly asserted and rejected by previous courts. He fails to identify "clear and convincing evidence of material misrepresentations," Fleming v. N.Y. Univ., 865 F.2d 478, 484 (2d Cir. 1989), or that defendants' conduct prevented him "from fully and fairly presenting his case." State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 176 (2d Cir. 2004) (internal quotation marks omitted).

In short, plaintiff's motion to reopen the civil litigation surrounding the death of his son in 1978 is both untimely and unpersuasive.

Defendants' invitation to impose sanctions on plaintiff is declined. However, plaintiff is cautioned that further frivolous litigation of these same issues will result in future sanctions.

Therefore, it is

ORDERED that

1. Plaintiff Leonard C. Spano's motion to reopen the civil action is DENIED; and

2. Defendants' cross-motion for sanctions is DENIED.

IT IS SO ORDERED.

_____
United States District Judge

Dated: March 20, 2013
Utica, New York.